Thank you very much, your honors. Steve Van Stempert for the appellant, Keith Nelson, and I'd like to reserve seven minutes, I think, for rebuttal, if that's okay. Hopefully, I'll do this expeditiously and we won't need the whole time. The issue in this case is whether it's plain error for the district court to believe that a mandatory minimum applied, even though there was no mandatory minimum that did apply. And I think you can look to the plain language of the statute. I think even the government agrees that the district court could have imposed a term of supervised release that was zero months, right? So everybody agrees that the district court had the discretion to impose zero months, and yet if you look at the transcript, it's very clear that the district court believed that it couldn't go down any lower than five years. And the probation officer's report and violation report and calculation worksheet is consistent with that. So what we have is a situation where the district court thought it didn't have discretion to go below five years, and that's why the five years was imposed. Now, if you look at the – and, of course, our argument is that this is procedurally unreasonable. That's why the 28J letter submitted by the government doesn't move the ball. That's the Brunner case from the Second Circuit. The argument there was that the five-year sentence of supervised release was substantively unreasonable. That's not our argument. Our argument is the procedural unreasonable. If you look at the terms of the statute, it's very clear, 3583, subsection H, says the court may impose a supervised release on revocation, and the only way that the court's discretion is bounded is on the maximum, right? The imposition of a supervised release can't exceed the calculation under the subtraction rule, which we discussed and which this court has also discussed in the Thompson case. And then with the guidelines, the same language applies. It's unambiguous. And it applies, again, that the court may impose – doesn't have to impose any form of supervised release, but may. And, again, the only limitation is that it can't exceed the maximum under the calculation of the subtraction rule. As this court in United States v. Forrester, which we've cited in our brief as an unpublished case, but the court did recognize that, yeah, in this context where it's a revocation and you're imposing a supervised release upon revocation, the only thing that applies is U.S.S.G., the guideline 7B.1.3.G.2, and there's no minimum. So the question, of course, is whether this error is – I really don't think there's a question that there's an error. The question is whether it's plain. And I think the rule is, you know, Olano says, look, if there are – if it's obvious that there's an error, it's plain. In this case, in the Trejo Ruiz case, also explained that, look, if the explicit text of the statute resolves the issue, then the error is plain. And that makes sense because you don't necessarily need a court to reiterate what the statute already unambiguously says. Counsel, haven't three other circuits concluded that this error is plain, that an error of applying a statutory mandatory minimum that applies to an original sentence, it doesn't apply to a revocation sentence, it's error, it's plain, and that it does affect substantial rights? I think the Seventh, the Fifth, and the Third Circuit have all decided that in the context of drug sentencing in 841B.1. I say that in support of you. Yes. You would have us agree with him, would you not? I would love to agree with you. I don't know the case, right? I mean, I'm not sure about those cases. They weren't in the briefs. You don't have to take my word for it. I will take your word for it, and I would love to take your word for it. But I think that's clear, right? I mean, again, it makes perfect sense. If the statute says something and the statute just isn't followed, it's a plain error. Can I ask you a question about remedy? Just if we assume hypothetically that there was a plain error here that affects substantial rights, you're asking us to vacate the entire sentence, including the term of imprisonment. And I do understand that we would usually do this under the sentence package doctrine, but I just want to make sure I understand what's going on. Your client has already been sentenced to the maximum statutory term of imprisonment. Is that right? Because I think normally our intuition maybe would be like, look, the district court might want to lower the supervised release term now because it turns out there is no mandatory five-year minimum. And as a result, it might go up a little on the term of imprisonment. But given that this term of imprisonment isn't going up, is it necessary to vacate the term of imprisonment? I guess that's my only question. It probably doesn't much matter. And again, I mean, our position is, look, this is a package deal, right? And again, given the implications potentially here, I think it's worthwhile to send it back to the district court for plenary resentencing just so that the district court can understand exactly the parameters of its discretion. And again, I think that would include the active time. But yes, you're right. He is already serving active time. Yes. I'm going to leave it at that unless there are further questions. All right. Thank you very much. We have some time for rebuttal. Thank you. And we will hear from Mr. Isabel. Did I pronounce that right? Yes, Your Honor, you did. Isabel. Thank you. Thank you. Good morning and may it please the court. Andy Isabel on behalf of the United States of America. The district court in this case did not plainly err in calculating Mr. Nelson's available statutory and guideline terms of supervised release for two reasons. The statute in question, 3583H, does not plainly establish a guideline range of zero for a subsequent term of supervised release. Counselor, can I ask you a question about this? As Judge Rushing said, there are three circuits that have already concluded to the opposite, that it on plain error review, it is a plain error to read that term as imposing any kind of a minimum. And not only that, but the government conceded, the United States conceded in two of those cases, both that that was the correct reading of the statute and that it was sufficiently plain that it survived plain error review. And I guess my fully understanding that you are not in charge of the United States government's litigation position, but it is confusing for us when the government takes one position in other circuits and then comes into ours and takes a different position. And I don't even know if there's a question there or maybe just a suggestion that somebody at a high level take a look at this and see if they can get the government's position straight on this. That suggestion is well taken, Your Honor. Thank you. I appreciate that. And, Your Honor, I think that to answer what may not have been formed as a question, but I believe the point that you're getting at is that, in fact, I believe the answer to that resolves the fact that no plain error happened here because the district court had very little to no guidance from the Fourth Circuit regarding this issue. It flatly has just not been answered in a plain, clear way. And given the analysis of plain error that the defendant himself and both parties agree is taken into account here, there was no guidance affirming that for the district court to follow. And given that, that is the other point that I was about to make is that the law of this court, Northern Supreme Court, has been plainly settled pertaining to this issue. And this court found in the – or held in the Trejo Ruiz decision that the defendant – that the appellant cited that if there is no plain ruling, then it cannot be plain error. Well, but, counsel, if the text of the statute is plain – and I should be clear that in those other circuits where the government conceded plain error, there was no precedent in those circuits on this question either. And there's unlikely to be precedent when the – you end up in this weird position, right, where if the statute is so plain, it is unlikely that the question will have even made its way to the appellate court because who's going to get it wrong? And so in those circuits, there was no – there was no circuit precedent, but it was just the terms of the statute were considered sufficiently plain that – or sufficiently obvious that the error was plain. I mean, if the terms of the statute are crystal clear, is it really your position that an error – you still have to wait for case law explaining what the obvious terms of the statute mean before an error can be plain? No, Your Honor, that is not our position. Our position would be that the statute is not sufficiently as plain as the court may suggest. The statute certainly does give the district court discretion to impose a new term of supervised release after revocation and imprisonment. But discretion – the United States position is that discretion does not equal zero months. And the statute, while not specifically, does implicitly refer to 3583K, which is indeed the statute that says a term of supervised relief for a defendant such as Mr. Nelson is five years to life. So given that 3583H does implicitly refer to the statute that sets the mandatory minimum for a SORNA violation, the United States position is that it is not sufficiently clear for a district court to look at that and say, oh, the range must be – the bottom end of that must be zero because I have discretion not to put the defendant on paper. Hopefully, that addresses your question sufficiently. And again, secondly, the law of this – in this circuit has not been settled, as I believe we have noted and said several times here. And lastly, even if there was error and it was plain, it's not clear from the record here that the district court outcome would have been any different. In the judicial appendix, the district court in reaching its decision cites the defendant's long, complicated, and atrocious criminal history. That's on page 77 and 78. And during his discourse with the defendant, the district court said that this was the statutorily available sentence that he was calculating. So for those reasons, the United States position is that the district court did not commit plain error here. If I hear no further questions, the United States would gladly submit at this time. Thank you very much. Mr. Van Stempet, you have some rebuttal time. Thank you, Your Honor. I'm not going to take much time. I think we've already had this conversation about that there is plain error. As far as whether the outcome would be different or not, I mean, again, the case is very clear that if the framework is wrong, if the parameters are wrong, then you have to send it back to the district court so that you can make the decision within the proper frameworks. And lastly, well, I mean, in terms of whether this court has settled this particular issue, I do think the language of the statute is so clear that you're in this position where there isn't going to be precedent because it's an obvious error that most courts aren't getting wrong. And of course, this isn't anything like a qualified immunity analysis, right? We're not looking for clearly established law. We're looking for plain error. And you can do that under the statute itself. So unless there are further questions, I'll leave it at that. Counselor, I just want to again commend you along with all of the counselors this morning. This panel is very appreciative for your extraordinary consideration of the particular health concerns that we have here in light of the COVID situation that exists here. We certainly wish health upon everyone here and that, in particular, as we move toward Mother's Day this weekend, we all have mothers, some not, but those who do, mothers and grandmothers, may feel a little, and we don't want to take anything to them. Certainly, I don't want you to take it from this court. But thank you very much for your fine arguments. I recognize that you are court-appointed, and we could not do this work without court-appointed lawyers to represent the clients in a manner that you've done in such an exemplary manner this morning. And likewise with the government's counsel, I thank you for your fine argument this morning. So you know the routine here. Normally, this court takes great pride in coming out and shaking your hand and exemplifying great collegiality, not only with each other's judges, but with the lawyers who come before us and respect that we have for you. We will not do that today because of the COVID protocol, but we'll be back in September, and we certainly hope that the situation will be abated to the point that we once again can re-institute that policy. So with that, unless there's something further from the panel of members, I'll ask Madam Clerk to adjourn the court. This court is adjourned.
judges: James Andrew Wynn, Pamela A. Harris, Allison J. Rushing